**Dorothy L. MILLER, Plaintiff—Appellant,**

v.

**CITY OF PHOENIX, a municipal corporation, Defendant—Appellee.**

No. 04–16778.

United States Court of Appeals, Ninth Circuit.

Submitted July 27, 2006.*

Decided Aug. 11, 2006.

Lynn M. Laney, Jr., Esq., Phoenix, AZ, for Plaintiff–Appellant.

Janice Harrison Moore, Esq., Fadell Cheney & Burt, PLLC, Phoenix, AZ, for Defendant–Appellee.

---

* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** The Honorable Gilbert S. Merritt, Senior Judge, United States Court Appeals for the Sixth Circuit, sitting by designation.

Before: MERRITT,** KLEINFELD, and PAEZ, Circuit Judges.

MEMORANDUM ***

Plaintiff Dorothy L. Miller ("Miller") appeals orders of the District Court of Arizona imposing monetary sanctions on her counsel and dismissing her case pursuant to Fed.R.Civ.P. 41(b) for counsel's failure to pay the sanctions. We have jurisdiction pursuant to 28 U.S.C. §§ 1291 and 1294. We vacate the district court's orders and remand.

Although district courts have inherent powers to impose sanctions on attorneys, including monetary fines and attorney's fees, *Zambrano v. City of Tustin*, 885 F.2d 1473, 1478 (9th Cir.1989), the power to assess attorney's fees against counsel arises "in narrowly defined circumstances," *Roadway Express v. Piper*, 447 U.S. 752, 765, 100 S.Ct. 2455, 65 L.Ed.2d 488 (1980). Our law requires that, in order to impose the sanction of attorney's fees for "willful disobedience of a court order" or "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons," *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45–46, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (internal quotation marks omitted), a court must "specifically find[ ] bad faith or conduct tantamount to bad faith," *Fink v. Gomez*, 239 F.3d 989, 994 (9th Cir.2001); *see also Roadway Express*, 447 U.S. at 767, 100 S.Ct. 2455 (vacating and remanding the sanction of

---

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Cir. R. 36–3.

attorney's fees because "the trial court did not make a specific finding as to whether counsel's conduct in this case constituted or was tantamount to bad faith, a finding that would have to precede any sanction under the court's inherent powers"). Conduct is "tantamount to bad faith" if there is "recklessness ... *combined with* an additional factor such as frivolousness, harassment, or an improper purpose." *Fink,* 239 F.3d at 994 (emphasis added); *see also In re Dyer,* 322 F.3d 1178, 1197 (9th Cir. 2003).

In imposing attorney's fees against Miller's counsel, the district court did not make an explicit finding of bad faith, willful disobedience, or conduct tantamount to bad faith. We therefore vacate the district court's orders and remand so that the district court may make such a finding, if supported by the record. If the district court makes a finding of bad faith, it may then resinstate the monetary sanctions and the order of dismissal. Because it is unclear whether the attorney's fees were imposed appropriately, we need not address the Rule 41(b) dismissal.

VACATED and REMANDED.

KLEINFELD, Circuit Judge, concurring.

I have not found authority to support the district court's sanctions and counsel did not provide me with any. It strikes me, however, as essential that district courts have the power to manage the flow of litigation so that cases proceed in a "just, speedy and inexpensive" manner.[1]

There may be bad faith in this case or there may not be. Even if there is not, the lawyer's continual delays and numerous missed deadlines justified the district court's decision to impose sanctions. A sanction measured by the amount of money the lawyer's adversary had to waste litigating unnecessarily, payable as compensation to the party who had to waste the money, strikes me as a particularly well measured sanction in this case.

I would therefore affirm, if I could find authority to do so.

---

1. The Federal Rules of Civil Procedure are to "be construed and administered to secure the just, speedy, and inexpensive determination of every action." FRCP 1.